# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

BRIAN EUGENE TAYLOR,

    Plaintiff,

v.                                         Case No: 8:14-cv-1952-T-30TBM

UNITED STATES OF AMERICA,

    Defendant.

_____

## ORDER OF DISMISSAL

THIS CAUSE is before the Court upon the motion of Brian Eugene Taylor for habeas corpus relief pursuant to 28 U.S.C. § 2255 (Dkt. #1). A review of the motion reveals that no response is needed from the Government because the motion is untimely.

In his motion, Taylor acknowledges that he was sentenced on December 18, 2007, and did not file a direct appeal. He filed the instant motion on August 13, 2014, clearly more than one year after his judgment of conviction became final. Taylor contends his motion is timely because it was filed within one year of a Supreme Court ruling which he claims applies retroactively:

> The petitioner's motion is timely given the fact that he filed his motion within one year of the Eleventh Circuit's ruling accepting and applying the rulings in *Johnson v. U.S.*, 130 S.Ct. 1265 (2010) and *Descamps v. U.S.*, 133 S.Ct. 2276 (2013), and when discovering the application of the cases to his own case. The rulings in *Johnson* and *Descamps* has (sic) been ruled to apply retroactively, and the petitioner brings to the court's attention that if the issue of retroactively arises, such is clarified.

Paragraph 18 of Petition, p. 12, Dkt. #1.

Taylor is mistaken. First, *Johnson* was decided in 2010 and *Descamps* was decided June 20, 2013. Taylor's motion, filed on August 13, 2014, was not filed within one year of either *Johnson* or *Descamps*.

Second, *Descamps* was decided in the context of a direct appeal, and the Supreme Court has not declared its decision in *Descamps* to be retroactively applicable on collateral review, either within the opinion itself or in a later ruling. *See Wilson v. Warden, FCC Coleman*, F. App'x, 2014 U.S. App. LEXIS 16989, 2014 WL 4345685, at *3 (11th Cir. Sept. 3, 2014). Moreover, the Supreme Court adopted the categorical approach to reviewing prior convictions as far back as 1990. *See Descamps*, 133 S. Ct. at 2283 (citing *Taylor v. United States*, 495 U.S. 575, 600, 110 S. Ct. 2143, 109 L. Ed. 2d 607 (1990)), and the modified categorical approach developed [*7] by *Taylor* and related decisions was acknowledged in 2009. *See Descamps*, 133 S. Ct. at 2284-85 (citing *Nijhawan v. Holder*, 557 U.S. 29, 35, 129 S. Ct. 2294, 174 L. Ed. 2d 22 (2009)). The Eleventh Circuit has stated that the *Descamps* ruling merely "clarif[ies] the proper analytical approach for determining whether a defendant's sentence should be enhanced." *United States v. Ramirez-Flores*, 743 F.3d 816, 820 (11th Cir. 2014).

Thus, because the *Descamps* ruling neither recognizes a new right nor applies retroactively on collateral review, Petitioner's motion to vacate his sentence is not timely under 28 U.S.C. § 2255(f)(3).

Third, since Petitioner did not directly appeal this issue, it is procedurally defaulted. "[A] collateral challenge may not do service for an appeal." *United States v. Frady*, 456

2

U.S. 152, 165, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982). "Once the defendant's chance to appeal has been waived or exhausted," courts "are entitled to presume [*13] that [the defendant] stands fairly and finally convicted." *Id*. at 164. As a result, claims that previously were available yet were not raised in a prior proceeding are procedurally defaulted and ordinarily are barred from consideration on collateral review. *Bousley v. United States*, 523 U.S. 614, 622-24, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998).

The exceptions to procedural default do not apply to the present case. The only exceptions to the procedural default rule are: "(1) for cause and prejudice, or (2) for miscarriage of justice, or actual innocence." *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011), *cert. denied*, 133 S. Ct. 112, 184 L. Ed. 2d 52 (2012). Petitioner does not suggest that either exception applies to him.

It is therefore **ORDERED AND ADJUDGED** as follows:

1. The motion of Brian Eugene Taylor for habeas corpus relief pursuant to 28 U.S.C. § 2255 (Dkt. #1) is DISMISSED.

2. Any pending motions are denied as moot.

3. The Clerk is directed to close this case.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL
IN FORMA PAUERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability. *Id*. "A certificate of appealability may

3

issue … only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)(quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida, this 29th day of October, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2014\14-cv-1952 dismiss 2255.docx