**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

BRIAN E. TAYLOR,

      Petitioner,

v.                                                                 Case No:  8:14-cv-1952-T-30TBM

UNITED STATES OF AMERICA,

      Respondent.

_____/

# <u>ORDER</u>

THIS CAUSE comes before the Court upon Petitioner Brian E. Taylor's motion for reconsideration under Federal Rule of Civil Procedure 60(b)(6) of the order dismissing his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 as untimely (Doc. 4) and Petitioner's motion to appoint counsel (Doc. 3).  On August 11, 2014, Petitioner filed a motion pursuant to § 2255 raising four grounds for relief.  (Doc. 1).  The Court dismissed the motion as time-barred.  (Doc. 2).  On July 23, 2015, Petitioner filed the present Rule 60(b) motion, arguing that he is entitled to reconsideration of the order dismissing his § 2255 petition in light of the Supreme Court's recent decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *McFadden v. United States*, 135 S. Ct. 2298 (2015).  The Court construes Petitioner's Rule 60(b)(6) motion as a successive § 2255 petition and concludes that it should be dismissed.

Federal Rule of Civil Procedure 60 provides only a limited basis upon which a petitioner may seek relief in a habeas case. *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007). "[A] Rule 60(b) motion is to be treated as a successive habeas petition if it: (1) 'seeks to add a new ground of relief;' or (2) 'attacks the federal court's previous resolution of a claim *on the merits*.'" *Id.* 1293-94 (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)).[1]  But where, "a Rule 60(b) motion 'attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings,' the motion is not a successive habeas petition." *Id.* (quoting *Gonzalez*, 545 U.S. at 532).

Here, Petitioner does not attack "some defect in the integrity" of his prior federal habeas proceedings.  Rather, he argues additional bases for relief pursuant to *Johnson* and *McFadden*.  Accordingly, Petitioner's Rule 60(b)(6) motion is more properly construed as a successive § 2255 petition.  Pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, federal prisoners who want to file a second or successive motion to vacate, set aside, or correct a sentence must move in the appropriate court of appeals for an order authorizing the district court to consider the second or successive motion.  See 28 U.S.C. § 2244(b)(3)(A).  A three-judge panel of the court of appeals, § 2244(b)(3)(B), may authorize the filing of a second or successive motion only if it determines that the motion contains claims which rely on either: (1) "newly discovered evidence that, if proven and viewed in the light of the

---

[1]*Gonzalez* addressed the relationship between a Rule 60(b) motion and a motion filed pursuant to 28 U.S.C. § 2254, but the Eleventh Circuit has subsequently held that *Gonzalez* also applies to motions filed pursuant to § 2255. *See Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011), *cert. denied*, 132 S. Ct. 1001 (2012).

evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Because Petitioner has not sought authorization to file a second or successive habeas petition from the Eleventh Circuit, this Court lacks jurisdiction to consider his motion and it should be dismissed. *See United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) ("Without authorization [from the appropriate court of appeals, a] district court lacks jurisdiction to consider a second or successive petition."). If Petitioner wishes to seek relief under § 2255, he should file a motion with the Eleventh Circuit requesting authorization to file a second or successive habeas petition.[2]

For Petitioner's benefit, however, the Court notes that Petitioner would not be entitled to relief under *Johnson*. In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), defining a violent felony as a crime "involv[ing] conduct that presents a serious potential risk of physical injury to another," is unconstitutionally vague. *See Johnson*, 135 S. Ct. at 2563. Petitioner's sentence under 18 U.S.C. § 922(g) was subject to enhancement under the ACCA; however, his predicate offenses do not fall within the ambit of the residual clause.

Specifically, the indictment charged that Petitioner had the following prior convictions in Florida state court: (1) possession of cannabis (Case No. 90-7069),

---

[2]The Court cannot determine whether Petitioner is entitled to a certificate of appealability ("COA") because "[w]here a district court lacks subject matter jurisdiction over a Rule 60(b) motion, . . . it also lacks jurisdiction to grant a COA." *See Williams*, 510 F.3d at 1294.

(2) robbery (Case No. 94-15400), (3) robbery (Case No. 94-15118), (4) aggravated assault (Case No. 94-15119), (5) robbery (Case No. 94-15475), (6) robbery (Case No. 94-15150), (7) robbery (Case No. 94-15151), and (8) robbery (Case No. 94-15149).[3]  Petitioner therefore has at least six prior convictions for robbery.

Under Florida law, a robbery is "the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear."  Fla. Stat. § 812.13(1).  The Eleventh Circuit has ruled that a Florida robbery conviction categorically qualifies as a predicate offense under the *elements clause* of the ACCA.  *See United States v. Lockley*, 632 F.3d 1238, 1245 (11th Cir. 2011); *see also* 18 U.S.C. § 924(e)(2)(B)(i); *United States v. Johnson*, No. 14-10390, 2015 WL 7740578, at *6 (11th Cir. Dec. 2, 2015) (concluding that a conviction for armed robbery qualified as an ACCA predicate offense under the elements clause post-*Johnson*).  *Johnson*'s holding invalidated only the residual clause of ACCA, § 924(e)(2)(B)(ii), defining a violent felony as "involv[ing] conduct that presents a serious potential risk of physical injury to another"; the elements clause, § 924(e)(2)(B)(i), remains in effect.  Because Petitioner's ACCA enhancement is supported by predicate convictions that do not fall within the residual clause, he would not be entitled to relief under *Johnson*.

---

[3]Among other offenses, Petitioner's presentence investigation report ("PSR") also reflected these offenses. (PSR ¶¶ 37-45).

Similarly, Petitioner would not be entitled to relief under *McFadden*. In *McFadden*, the Supreme Court held that a conviction for distribution of a controlled substance analogue requires the government to prove that the defendant knew the substance was a controlled substance under federal law. 135 S. Ct. at 2302. Petitioner was convicted of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g), 924(e), and possession of a stolen firearm, in violation of 18 U.S.C. § 922(j). *McFadden* has nothing to do with Petitioner's ACCA enhancement and would not apply in Petitioner's case since he was not convicted of possession of a controlled substance analogue.

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Petitioner's motion for reconsideration under Federal Rule of Civil Procedure 60(b)(6) (Doc. 4) is DISMISSED.

2. Petitioner's motion to appoint counsel (Doc. 3) is DENIED as moot.

3. This case remains closed.

**DONE** and **ORDERED** in Tampa, Florida, this 13th day of April, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record